**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:  JESSICA BIANCA PETERSON aka            Case No. 6:20-BK-03191-LVV
JESSICA BIANCA LETTSOME,

                     Debtor.                               Chapter 7
_____/
NATIONWIDE JUDGMENT RECOVERY,

                     Plaintiff,                            Adv. Proc. No. 6:20-AP-

v.

JESSICA BIANCA PETERSON aka
JESSICA BIANCA LETTSOME aka
JESSICA B. LETTSOME aka
JESSICA LETTSOME,

                     Defendant.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW, Nationwide Judgment Recovery, Inc. ("Nationwide"), the Plaintiff and a creditor in the above styled action, by and through counsel, and pursuant to 11 U.S.C. § 523(a)(19) files this Complaint to Determine Dischargeability of Debts against Defendant Jessica Bianca Peterson aka Jessica Bianca Lettsome ("Defendant") and shows this Court as follows:

**Jurisdiction**

1.  This adversary proceeding is brought in connection with the Defendant's case under Chapter 7, Title 11, Bankruptcy Case Number 6:20-bk-03191-LVV now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157. This is a core proceeding.

2.  In accordance with Fed. R. Bankr. P. 7008, Nationwide consents to the entry of final orders and judgments by this Court. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3.  Nationwide is a creditor of the Debtor.

## Overview

4. The relief requested herein arises out of three Final Judgments entered on August 14, 2017 in *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2017), referred to collectively herein as the "Judgments." True and correct copies of the Judgments are attached hereto as Exhibit "A" and are incorporated herein by reference.

5. Pursuant to the terms of the Final Judgment, post-judgment interest shall accrue at the rate specified under 28 U.S.C. 1961 from the date of entry until the judgment is paid in full.

6. The current balance of the Judgments are $18,366.46, $47,140.03, and $4,189.60, respectively, which includes interest from the judgment date to the date the Debtor filed her bankruptcy petition.

## Procedural Background of Judgments

7. On August 17, 2012, the Securities and Exchange Commission filed an action titled *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12-cv-519 (the "SEC Action"), to shut down a Ponzi and pyramid scheme operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com from at least January 2011 until August 2012 in which more than 700,000 participants lost over $700 million dollars.

8. On August 17, 2012, the Court appointed Kenneth D. Bell as Receiver of the estate of Rex Venture Group, LLC, d/b/a www.ZeekRewards.com, and authorized him to initiate legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, and any other legal and equitable relief that the Receiver deems necessary to recover RVG's assets for the benefit of the Receivership estate. Matthew E. Orso succeeded Kenneth D. Bell as the Receiver.

9. The Debtor herein was a Net Winner Class Member in the Ponzi and pyramid scheme operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com from at least May 2009 until August 2012.

10. As a Net Winner Class Member, Debtor received thousands of dollars from her participation in the ZeekRewards Ponzi scheme. A true and correct copy of the statements showing the Debtor's payments into the Ponzi scheme and her winnings are attached hereto as collective Exhibit "B" and are incorporated herein by reference.

11. The Receiver filed a clawback action under *Bell v. Disner*, Case 3:14-cv-00091-GCM (W.D.N.C. 2017) to recapture the money paid to the scheme's winners so that it can be returned to the victims. The Complaint asserts claims for violation of the North Carolina Uniform Fraudulent Transfer Act, Common Law Fraudulent Transfer and Construction Trust.

12. On June 30, 2016, the Receiver moved for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class.

13. On November 29, 2016, the Court granted the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class. A true and correct copy of the Order is attached hereto as Exhibit "C."

14. In the Order granting the Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class, the Court found that the Defendants violated N.C. Gen. Stat. § 39-23.4(a)(1), the North Carolina Uniform Fraudulent Transfer Act. The NCUFTA permits a receiver to avoid a transfer made "with the intent to hinder, delay, or defraud any creditor of the debtor" within four years after the transfer was made. Many courts have held that the intent to defraud can be presumed when transfers are in furtherance of a Ponzi scheme. The "Ponzi scheme presumption" has been long settled in a number of jurisdictions and under an analogous section of the Bankruptcy Code.

15. On June 27, 2017, the Receiver filed a Motion to Enter Final Judgments Against Net Winner Class Members, which was granted by the Court on August 14, 2017.

16. Attached hereto as Exhibit "D" is a copy of the Final Judgments entered on August 14, 2017, along with pages 52 and 53 in the index of Judgments and Amounts. *See* numbers 3213, 3218 and 3219 for the specific judgments against the Defendant.

17. On December 17, 2019, Nationwide Judgment Recovery, Inc. was assigned the full portfolio of judgments obtained against more than 6,700 Net Winners who participated and profited from ZeekRewards. Attached hereto as Exhibit "E" is a copy of the Assignment of Judgment.

### COUNT 1: Relief Under 11 U.S.C. § 523(a)(19)

18. Nationwide incorporates paragraphs 1 – 17 herein.

19. 11 U.S.C. § 523(a)(19) provides that a Chapter 7 discharge does not discharge a debt that is

(A) is for—

> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—
> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
> (ii) any settlement agreement entered into by the debtor; or
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

20. Thus, 11 U.S.C. § 523(a)(19) precludes dischargeability of a debt if two conditions are met. It must be proven that (1) the debt is for the violation of securities law, and (2) the debt must be memorialized in a judicial or administrative order or settlement agreement.

21. The Final Judgments against the Defendant Debtor, entered in *Bell v. Disner* on August 14, 2017 and attached hereto as Exhibit "A," are debts owed by the Defendant Debtor for violation of North Carolina securities laws and memorialized in a judgment.

22. Nationwide is entitled to a judgment against the Debtor pursuant to 11 U.S.C. § 523(a)(19) finding the Final Judgments to be non-dischargeable and authorizing Nationwide to pursue collection of same.

23. It is well-settled in the Eleventh Circuit that a debtor may not discharge a debt arising from a violation of securities laws. In *Creech v. Viruet (In re Creech)*, 782 Fed.Appx. 933 (11th Circuit 2019), the United States Court of Appeals for the Eleventh Circuit, on an appeal from the Middle District of Florida (No. 6:13-bkc-04253-CCJ) held that a debt resulting from a default judgment as a result of securities law violations is nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(19). The *Creech* Court followed the plain language of the statute, which requires both that the debt is for the violation of securities law, and that the debt must be memorialized in a judicial or administrative order or settlement agreement.

24. The Northern District of Georgia that came to the same conclusion in the factually-similar case of *In re Lunsford*, Case No. 12-80136. In *Lunsford*, Process Technologies, an investor in the Debtor's company, obtained a state court judgment for violations of state securities laws. Lunsford then filed for bankruptcy, and Process Technologies brought an adversary proceeding (14-05128) to except the judgment from discharge. Judge C. Ray Mullins found the debt to be nondischargeable as it met both requirements of 11 U.S.C. § 523(a)(19) - the debt was for the violation of securities law, and was the debt is memorialized in judgment. The Debtor appealed, and the District Court affirmed. The Debtor then appealed to the Court of Appeals. The 11th Circuit held that the dischargeability exception for debts "for the violation" federal securities law or any state securities law was not limited only to debts arising from the debtor's own violation of federal or state securities law, but applied also to debts that were *for* the violation of securities laws irrespective of individual debtor conduct (emphasis supplied). *In re Lunsford*, 848 F.3d 963, 968 (2017).

25. Notably, in denying dischargeability of the debt in the bankruptcy court, Judge Mullins gave great weight to the judgments themselves as evidence of the securities law violations, noting that the defendant's conduct was what gave rise to the judgments to begin with, and denying the defendant the opportunity to re-litigate the issues giving rise to the judgments in the bankruptcy court. *See In re Lunsford*, Adversary Proceeding 14-05128, Docket No. 30, Order Denying Dischargeability.

26. In the instant case, it is clear that the judgments held by Nationwide Judgment Recovery, Inc. precipitated Defendant's bankruptcy filing.

27. The Defendant cannot re-litigate the amounts of the judgments in bankruptcy court. Prior to the entry of the final judgments in *Bell v. Disner*, there was a dispute period that allowed participants to adjust their balances, object to the settlement and judgments, and negotiate settlements with the Receiver. While she could have challenged the proposed amounts of the judgments at that time, Defendant chose to remain silent.

28. It is evident in this matter that both requirements of 11 U.S.C. § 523(a)(19) have been met. The Judgments the Defendant Debtor is attempting to discharge through her bankruptcy were clearly a result of securities violation. Moreover, this debt is memorialized in the Final Judgments issued against the Debtor in *Bell v. Disner*, attached hereto as Exhibit "A." Therefore, the Judgments should be excepted from discharge.

WHEREFORE, Nationwide Judgment Recovery, Inc. prays as follows:

(a)  That the debt represented by the Defendant's Judgments be determined to be nondischargeable pursuant to 11 U.S.C. §523(a)(19); and

(b)  For any other such relief as the Court may deem appropriate.

Respectfully submitted,

Dated: 9/3/2020

By: /s/ Gary J. Lublin
Gary J. Lublin
Florida Bar No. 542679
RUSH MARSHALL JONES & KELLY
P.O. Box 3146
Orlando, FL 32802-3146
Telephone: (407) 425-5500
Facsimile: (407) 423-0554
Email: glublin@rushmarshall.com
*Attorneys for Plaintiff*