UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re:  JESSICA BIANCA PETERSON aka<br>JESSICA BIANCA LETTSOME, | Case No. 6:20-BK-03191-LVV |
| Debtor.<br>_____/ | Chapter 7 |
| NATIONWIDE JUDGMENT RECOVERY, | |
| Plaintiff, | Adv. Proc. No.: 6:20-AP-00081-LVV |
| v. | |
| JESSICA BIANCA PETERSON aka<br>JESSICA BIANCA LETTSOME aka<br>JESSICA B. LETTSOME aka<br>JESSICA LETTSOME, | |
| Defendant.<br>_____/ | |

## ANSWER

Defendant, Jessica Bianca Peterson a/k/a Jessica Bianca Lettsome a/k/a Jessica B. Lettsome a/k/a Jessica Lettsome, ("Defendant") hereby answers the Complaint filed by Plaintiff, Nationwide Judgment Recovery, ("Plaintiff") and for its answer states:

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional and venue purposes only.

3. Without knowledge and demand strict proof thereof.

4. Admitted that true and correct copies of the Final Judgment entered against Debtor are attached as Exhibit A.

5. Admitted.

6. Without knowledge and demand strict proof thereof.

7. Admitted as to the filing of the "SEC Action". All other allegations are denied.

8. Admitted that the Court appointed Bell as the Receiver. Denied as to the characterization of the Receiver's authority.

9. Admitted that Debtor was deemed a member of the group designated as the "Net Winner Class". All other allegations are denied.

10. Admitted that Debtor participated in what she believed was a legitimate business opportunity and that she paid some money and received some commissions. Without knowledge as to whether Exhibit B accurately reflects the amounts that Debtor paid or that Debtor received. Denied that Debtor had any knowledge Zeekrewards was a Ponzi scheme.

11. Admitted that it appears that the Receiver filed a clawback action to recover the money received by the persons designated as "Net Winners". Upon information and belief, Debtor believes that Complaint filed by the Receiver asserted three causes of action; to avoid transfers made to Debtor under the North Carolina Uniform Fraudulent Transfer Act ("NCUFTA"); common law fraudulent transfer, and the imposition of a constructive trust.

12. Without knowledge as to the Motions filed by the Receiver on June 30, 2016.

13. Admitted that it appears that the Court entered the Order attached as Exhibit "C" on November 29, 2016.

14. The terms of the Order speak for themselves.

15. Without knowledge as to when the Receiver filed a Motion to Enter Final Judgment Against the Net Class Winners and without knowledge as to when that Order was granted.

16. Admitted that Exhibit "D" appears to be a copy of the Final Judgment entered by the Court.

17. Admitted that Exhibit "E" appears to be a copy of an Assignment. Without knowledge and demand strict proof thereof that Plaintiff is entitled to enforce the Judgments. Denied that Plaintiff is authorized to conduct business in the State of Florida.

18. Debtor incorporates her responses to Paragraphs 1 -17 herein.

19. Admitted that Plaintiff has accurately quoted the language in the statute.

20. Denied to the extent that Plaintiff is making a legal conclusion. Denied that the debt sought to be discharged in this bankruptcy is for the violation of securities laws or that 11 U.S.C. § 523(a)(19) is applicable to the Judgments.

21. Denied. The Final Judgments against Debtor are based on the Receiver's claim to avoid transfers under the NCUFTA and for the imposition of a constructive trust. The Receiver's complaint did not seek to hold the Debtor liable for debt "for the violation of securities laws" or that the Debtor herself somehow committed common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

22. Denied.

23. Admitted that a debt that is "for the violation of securities laws" would not be dischargeable in bankruptcy. Denied that the debt in this case is "for the violation of securities laws". The debt is for the violation of the NCUFTA and for constructive trust.

24. Denied. The judgment against the debtor in *In re Lunsford*, 848 F.3d 963 was an arbitration award that specifically found that Lunsford violated securities laws by selling unregistered securities that were not exempt from registration. Thus, the debt against Lunsford was based on violations of securities laws. While the Eleventh Circuit opinion discusses that §523(a)(19(A) applies irrespective of a debtor conduct (and disagrees with opinions in the 10th Circuit and 8th Circuit), the debt sought to be nondischargeable still has to be "for the violation"

of securities laws. In this case, the debt at issue is not for the violation of securities law, but is for the violation of the North Carolina Fraudulent Transfer Act, and for common law fraudulent transfer, and the imposition of constructive Trust.

25. Denied.

26. Denied.

27. Admitted the Debtor cannot relitigate the amount of the judgments.

28. Denied. The Judgments were not "for the violation of securities laws."

## FIRST AFFIRMATIVE DEFENSE

The Debtor was never personally served with a copy of the Receiver's complaint and was never put on notice that the Receiver was seeking to hold the Debtor liable for a debt that was "for the violation of securities laws." To the extent the Court was asked to hold the Debtor liable for the violation of securities laws, due process would require that the Debtor be provided notice of that particular claim and an opportunity to respond to that particular claim.

## SECOND AFFIRMATIVE DEFENSE

The Federal Court in North Carolina did not have personal jurisdiction over Debtor as Debtor was never served with process or any complaint and the Debtor has no minimum contacts with the State of North Carolina.

*/s/ James E. Shepherd*
James E. Shepherd, Esquire
Florida Bar No.: 947873
**FORSTERBOUGHMAN**
2200 Lucien Way, Suite 405
Maitland, FL  32751
Telephone: (407) 255-2055
Fax: (407) 264-8295
E-mail: Shepherd@FBL-Law.com
           service@FBL-Law.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 14, 2020, a true and correct copy of the foregoing was filed via the CM/ECF system.

                                        */s/ James E. Shepherd, Esq.*
                                        James E. Shepherd, Esq.